IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, #264274, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:20-cv-870-ECM |
| | ) (WO) |
| WARDEN WANDA LIGHTNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Report and Recommendation of the Magistrate Judge which recommends that the Complaint be dismissed without prejudice for lack of jurisdiction. (Doc. 47). On April 4, 2022, the Plaintiff filed objections to the Recommendation. (Doc. 48).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.")

(quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).  Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has undertaken a *de novo* review of the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections.  In the Report and Recommendation, the Magistrate Judge noted that the Plaintiff's transfer to another correctional facility mooted his claims for declaratory and injunctive relief.  In his objections, the Plaintiff contends that the case is not moot because he would be entitled to nominal damages if he suffered a constitutional injury.  (Doc. 48).

Although an inmate plaintiff is not prohibited from recovering nominal damages for a constitutional violation, he must request damages in his complaint.  *See Brooks v. Warden*, 800 F.3d 1295, 1307-08 (11th Cir. 2015). While the Court can liberally construe the *pro se* plaintiff's complaint to include a request for nominal damages based on language of the complaint, in this case, the Plaintiff did not request any damages in his complaint.  (Doc. 1 at 6).  A review of the Plaintiff's complaint reveals that he asks the Court to order the Bullock Correctional facility to provide more yard and gym time, but that he makes no request for monetary damages.  Thus, the Plaintiff cannot prevent his case from being dismissed as moot based on the availability of nominal damages when no such damages were sought.

The allegedly unconstitutional conduct about which the Plaintiff complains has ceased due to his transfer to another correctional facility.  Consequently, this case is due to

be dismissed as moot. Accordingly, upon an independent review of the file in this case, and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections (doc. 48) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 47) is ADOPTED;

3. this case is DISMISSED without prejudice for lack of jurisdiction; and

4. no costs are taxed.

A separate judgment will be entered.

DONE this 27th day of April, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE